```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

RAYMOND GENDREAU,
    Petitioner,


    v.                                    CIVIL ACTION NO.
                                          11-10911-FDS

THOMAS DICKHAUT,
    Respondent.
```

**MEMORANDUM AND ORDER RE:
MOTION FOR AN EVIDENTIARY HEARING
(DOCKET ENTRY # 14)**

**March 7, 2013**

**BOWLER, U.S.M.J.**

Petitioner Raymond Gendreau ("petitioner"), an inmate at the Souza Baranowski Correctional Center, moves for an evidentiary hearing in the above styled, pro se habeas petition that challenges his 2007 conviction in Massachusetts Superior Court (Middlesex County) ("the trial court"). The petition raises a single ground, to wit, ineffective assistance of trial counsel in violation of the Sixth Amendment under 28 U.S.C. § 2254(d)(1) ("section 2254(d)(1)"). Petitioner presently seeks an evidentiary hearing in federal court.

                            BACKGROUND

Petitioner alleges that trial counsel gave him erroneous advice not to testify at trial. Petitioner submits that he waived his right to testify based solely on trial counsel's mistaken advice that petitioner would receive a new trial because of an error by the trial court during jury impanelment.

Represented by a different attorney ("appellate counsel"),

petitioner raised this ground in a motion for a new trial filed in the trial court.  An Associate Justice of the Superior Court ("the motion judge"), who was also the trial judge, conducted an evidentiary hearing and thereafter denied the motion in a written opinion.

To support the motion for a new trial, petitioner filed his own affidavit and an affidavit by trial counsel.  Petitioner averred that he did not testify because of trial counsel's mistaken advice that, if convicted, he would receive a new trial due to the trial court's error during jury impanelment.  (Docket Entry # 8-2, Ex. E).  As stated in petitioner's affidavit, "But for the erroneous advice I received from my attorney regarding the new trial, I would have insisted upon testifying on my behalf."[1]  (Docket Entry # 8-2, Ex. E).  Consistent with trial counsel's affidavit, trial counsel testified at the evidentiary hearing that he advised petitioner not to testify based on a mistaken belief at the time that the trial court committed an error during jury impanelment that guaranteed petitioner a new trial.  (Docket Entry # 8-1).  Trial counsel testified that he also informed petitioner that any testimony at trial would be available for impeachment at a retrial and negatively impact any possible sentencing.  He additionally advised petitioner that his

---

[1]  In denying the new trial motion, the motion judge discredited the statement as conclusory.

demeanor or presentation "would not endear him to the jury." (Docket Entry # 8-1). Finally, trial counsel informed petitioner that his best chance for an acquittal was not to testify at trial and that "there was a very strong case against him . . .." (Docket Entry # 8-1).

If given an evidentiary hearing in federal court, petitioner would testify that trial counsel did *not* discuss with him "whether he would be a good witness or not." (Docket Entry # 14). He would also testify that trial counsel did *not* inform him that the Commonwealth had a strong case or that his best chance for an acquittal was not to testify. Petitioner did not include these facts in the affidavit and argues that the motion judge and his appointed counsel prevented him from testifying at the evidentiary hearing.[2] (Docket Entry # 8-2, Ex. E). Petitioner

---

[2] The following colloquy took place at the hearing:

The Court: Where is the evidence that [petitioner] would have testified but for [trial counsel's] advice?

[Appellate Counsel]: It's the affidavit that's been submitted.

The Court: I won't accept an affidavit. This is for an evidentiary hearing, and you're receiving an evidentiary hearing. I am not going to decide issues based on affidavits.

[Appellate Counsel]: Then I will have [Petitioner] testify, Your Honor.

The Court: [Petitioner]–unless, of course, the Commonwealth doesn't object to an affidavit . . ..

(Docket Entry # 8-1, p. 9). The Commonwealth thereafter withdrew

would also testify that the only reason he chose not to testify at trial was because of trial counsel's absolute certainty that the trial court had committed an error that would require a new trial.  (Docket Entry # 14).

## DISCUSSION

Two reasons foreclose conducting the requested evidentiary hearing.  First, before allowing an evidentiary hearing, a federal "habeas judge 'must first consider whether such hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'"  Companonio v. O'Brien, 672 F.3d 101, 112 (1st Cir. 2012) (quoting Teti v. Bender, 507 F.3d 50, 62 (1st Cir. 2007)).  The petitioner "must therefore demonstrate that his allegations would entitle him to relief and that the hearing is *likely* to elicit the factual support for those allegations."  Id. (emphasis added).  As espoused in Teti, "The requirement is not so stringent that Teti must point to specific facts he will establish that will entitle him to relief, but rather that his allegations would entitle him to relief and the hearing is likely to elicit the factual support for those allegations."  Teti v. Bender, 507 F.3d at 62.  Indeed, a federal habeas court "is on

---

its objection positing that the "bare assertion that but for the erroneous advice, the defendant would have testified is not sufficient."  (Docket Entry # 8-1, pp. 10-11).  Appellate counsel agreed to rely on the affidavit even though the Commonwealth stated it was insufficient.  (Docket Entry # 8-1, p. 11).

very shaky ground" when and if it conducts an evidentiary hearing that "essentially replicates the entirety of the relevant state court evidentiary record."  Pike v. Guarino, 492 F.3d 61, 70 (1st Cir. 2007).  Rehashing and reweighing the testimony presented to the state court is inadvisable.  See Id. (quoting Thatsaphone v. Weber, 137 F.3d 1041, 1046 (8th Cir. 1998), in parenthetical).

Here, the record before the state court is relatively complete.  The facts petitioner seeks to present are not likely to elicit additional support for the alleged Sixth Amendment violation beyond what the state court record already includes.  Instead, the proposed facts largely duplicate what the state court record contains.  Furthermore, petitioner had the opportunity to include the additional facts by supplementing his affidavit prior to the November 2008 evidentiary hearing.  See Companonio v. O'Brien, 672 F.3d at 112-113.  Trial counsel's November 2007 affidavit sets out the additional advice he gave petitioner, i.e., that his demeanor would make him a poor witness, that he would not be convincing in the jurors' eyes and that any testimony would be available for impeachment at a retrial or hurt him during sentencing.  The Commonwealth's February 2008 opposition argued that the new trial motion did not deny or contradict the above advice that trial counsel gave petitioner.  (Docket Entry # 10, Ex. 3, pp. 64-71).  The opposition also pointed to petitioner's "bare assertion" that he

5

would have testified but for trial counsel's advice about the trial court's error and cited caselaw purportedly requiring more than assertions in an affidavit. (Docket Entry # 10, Ex. 3, pp. 64-71). On notice of these deficiencies, petitioner did not supplement his affidavit or marshal other evidence between February 2008, when the Commonwealth filed the opposition, and November 2008, when the motion judge conducted the evidentiary hearing. See Companonio v. O'Brien, 672 F.3d at 113. It is therefore not appropriate to conduct an evidentiary hearing.

Second, "'review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.'" Atkins v. Clarke, 642 F.3d 47, 49 (1st Cir. 2011) (quoting holding in Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011)). As explained in Atkins, "the 'backward-looking language' present in § 2254(d)(1) 'requires an examination of the state-court decision at the time it was made' and that therefore the record under review must be 'limited to the record in existence at that same time i.e., the record before the state court.'" Id. (quoting Cullen, 131 S.Ct. at 1398). Inasmuch as petitioner seeks review under section 2254(d)(1), Cullen forecloses his ability to supplement the state court record in an evidentiary hearing.

## CONCLUSION

In accordance with the foregoing discussion, the motion for

6

an evidentiary hearing (Docket Entry # 14) is **DENIED**.

                                        /s/  Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge