# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND GENDREAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. |
| v. ) | 11-10911-FDS |
| ) | |
| THOMAS DICKHAUT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**SAYLOR, J.**

This is a habeas corpus proceeding under 28 U.S.C. § 2254(d). Petitioner Raymond Gendreau was convicted by a jury in Massachusetts state court in 2007 of one count of rape of a child, two counts of indecent assault and battery of a person under the age of 14, two counts of indecent assault and battery of a person attaining the age of 14, one count of assault and battery on a child with bodily injury, three counts of assault and battery with a dangerous weapon, twelve counts of assault and battery, and one count of assault in connection with sexual abuse of his daughter and physical abuse of his then-wife and son. He challenges his conviction solely on the basis of claimed ineffective assistance of trial counsel under the Sixth and Fourteenth Amendments.

Petitioner contends that trial counsel was ineffective for advising him not to testify in his own defense, based in part on counsel's mistaken belief that the manner in which the trial judge conducted jury impanelment was reversible error.

The matter was referred to United States Magistrate Judge Marianne B. Bowler pursuant

to 28 U.S.C. § 636(b)(1) for findings and recommendations. On February 27, 2014, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied. Petitioner filed objections on March 24, 2014, asserting that the Report contains factual inaccuracies, reiterating that he has been denied the right to testify in his own defense, and stating that the Magistrate Judge denied him an evidentiary hearing without cause.[1]

Upon *de novo* review, the Court adopts the Report and Recommendation of the Magistrate Judge.

## I. Background

Raymond Gendreau was tried and convicted in March 2007 for various crimes related to sexual abuse of his daughter and physical abuse of his then-wife and son. The relevant facts surrounding the crimes and trial that led to his conviction are set out in the decision of the Massachusetts Superior Court on the motion for a new trial and are entitled to a presumption of correctness on habeas review. 28 U.S.C. § 2254(e)(1).

The Superior Court made the following findings of fact:

[Trial counsel] advised Gendreau not to testify. He discussed with Gendreau a number of specific reasons why he believed that it was not in Gendreau's interest to testify. One of the reasons he cited was the fact that, in his opinion, the court had committed reversible error during jury selection and that any testimony by Gendreau could be used against him at any retrial.[2] Although [trial counsel]

---

[1] Although petitioner filed his objections later than the March 13, 2014 deadline, the Court, in its discretion, will consider the objections on the merits.

[2] As the Magistrate Judge explained in the Report and Recommendation:

During voir dire, the trial judge conducted a sidebar with each member of the venire. At the side bar, the trial judge asked each individual if he or she or any family member or close friend "had been accused of, or the victim of, a crime involving a sexual offense." Trial counsel objected to the procedure on the basis that it was improper to conduct the voir dire at the side bar. He also asked the trial judge to find 42 members of the venire indifferent before requiring trial counsel to exercise his 14 peremptory challenges. After seating 12 prospective jurors and two alternates and

2

> believed at the time he made the statement that the Court had committed reversible error during jury selection, he was mistaken.
>
> [Trial counsel] described the defendant as emotional and "very excitable." He explained to the defendant that he did not think that the defendant would be a good witness given his demeanor and physical presentation. He told Gendreau he believed that he would be a poor witness.
>
> [Trial counsel] discussed with Gendreau the subject matter about which he would testify if he exercised his right to do so. The testimony the defendant proposed to give was largely inadmissible and [trial counsel] told Gendreau that it was not admissible.
>
> [Trial counsel] told Gendreau that the Commonwealth had a very strong case and advised Gendreau that he believed that his best chance for acquittal lie [*sic*] in not testifying.
>
> [Trial counsel] also advised [Gendreau] that if he testified, his testimony could hurt him in any sentencing and be used against him at any future [Sexually Dangerous Person] proceeding, parole hearings, or retrial.
>
> [Trial counsel] would have advised the defendant not to testify even if he had not believed that the Court had committed reversible error during jury selection. [Trial counsel's] advice that it was not in Gendreau's best interest to testify was sound.

(Pet. Ex. 1 at 3-4 (numbering and footnote omitted)). In addition, the court conducted a colloquy with Gendreau as to his right to testify, and Gendreau responded that he understood his right and that it was his decision to waive that right. (*Id.* at 2).

On March 15, 2007, Gendreau was convicted. He was sentenced to not less than eight and not more than ten years on the child rape count, and to a concurrent period of imprisonment

---

> after the prosecutor stated he was content with the panel, however, the trial judge required counsel to exercise his peremptory challenges. Massachusetts law afforded the trial judge the discretion to use this method to impanel the jury. *See Commonwealth v. Johnson*, 631 N.E.2d 1002, 1008 (Mass. 1994). Trial counsel, however, was under the mistaken belief that the trial judge committed reversible error.

(Report and Recommendation at 3-4 (citations to the record omitted)).

of not more than four and not less than five years on one count of indecent assault and battery of a child under 14, and on the remaining counts to concurrent periods of probation of five or ten years to be served from and after the terms of imprisonment.

On December 20, 2007, Gendreau moved for a new trial based on ineffective assistance of counsel, asserting that but for trial counsel's mistaken advice, he would have testified. On November 17, 2008, the trial court held an evidentiary hearing at which trial counsel was the sole witness. Counsel testified that he did advise Gendreau not to testify based on the erroneous belief that the trial judge had committed an error during impanelment that guaranteed a new trial, but that this was only one of the reasons why he recommended that Gendreau not testify. He further stated that he would have made the same recommendation if he was not under that mistaken impression. Gendreau did not testify at the hearing, submitting an affidavit in lieu of testimony. The court denied the motion for a new trial in a written opinion. (Pet. Ex. 1).

Gendreau filed an appeal to the Massachusetts Appeals Court of the conviction and of the denial of the new trial motion. On April 2, 2010, the appeals court affirmed the judgment and the denial of the motion. *Commonwealth v. Gendreau*, 76 Mass. App. Ct. 1122 (2010) (unpublished).

Gendreau applied for leave to obtain further appellate review. On April 28, 2010, the Supreme Judicial Court denied that application. *Commonwealth v. Gendreau*, 456 Mass. 1107 (2010) (unpublished).

On May 20, 2011, Gendreau filed a petition for a writ of habeas corpus.

## II. The Standard for Habeas Review

Under 28 U.S.C. § 2254(d), a federal court may not issue a habeas petition "with respect

4

to any claim that was adjudicated on the merits in State court proceedings" unless the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## III. Analysis

In order to establish a claim of ineffective assistance of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The essence of an ineffective assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee to any defendant a perfect defense or a successful defense. *See Moreno–Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the circumstances." *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991).

To succeed on an claim of ineffective assistance of counsel, a petitioner must show both (1) deficient performance by counsel and (2) resulting prejudice. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (*citing Strickland*, 466 U.S. at 687). An insufficient showing on either prong will defeat an ineffective assistance-of-counsel claim. *See, e.g.*, *Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008). To show deficient performance, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466

5

U.S. at 687-88.  Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ."  *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  A court making this evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Among other things, "[t]rial counsel is under no obligation to raise meritless claims," and "[f]ailure to do so does not constitute ineffective assistance of counsel."  *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990).  To establish resulting prejudice, petitioner must show that, but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Id.* at 692.

Petitioner contends that counsel was ineffective because counsel advised him not to testify at trial based on the erroneous belief that he was entitled to a new trial due to the allegedly improper voir dire.  The appeals court upheld the trial judge's findings that petitioner's statement that he would have testified but for counsel's advice lacked credibility and that counsel's legal error was only one of multiple reasons that he advised petitioner not to testify.  *Commonwealth v. Gendreau*, 76 Mass. App. Ct. at 1122.  As the Magistrate Judge observed, this conclusion was not contrary to, nor an unreasonable application of, controlling Supreme Court precedent.

The purported inaccuracies of the Magistrate Judge's report do not render her conclusion any less correct.  A footnote in the Report states that the "majority of the charged offenses took place during the marriage prior to the divorce."  (Report and Recommendation at 3 n.2).  Petitioner contends that this should read "*all* of the charges took place at the time of the

6

marriage." (Objections at 1-2). Whether the majority or all of the charged conduct occurred during petitioner's marriage has no bearing on whether counsel was effective and is not ground to reject the Report. Furthermore, contrary to petitioner's assertion that the Report "does not state . . . that [petitioner has] been denied [his] God giv[en], constitutionally guarante[e]d right to be heard in [his] defense," the Report does in fact state that "[p]etitioner has a clearly established constitutional right to testify on his own behalf at a criminal trial." (Report and Recommendation at 21 (citations omitted)). That argument therefore lacks merit.

Petitioner also contends that the trial judge drew an adverse inference from his decision not to testify at the evidentiary hearing on his motion for a new trial. (Objections at 3). No evidence of such is apparent in the record. Moreover, the trial judge's decision comports with the prevailing legal standards.

Finally, petitioner objects to the Magistrate Judge's denial of an evidentiary hearing, asserting that the denial was "without a cause." (Objections at 4). In a March 7, 2013 memorandum and order, the Magistrate Judge denied petitioner's request for two reasons. (Dkt. No. 19). First, she found that the state court record was relatively complete and the facts petitioner sought to present would not provide additional support for his claim. An evidentiary hearing therefore was not appropriate because it would be unnecessary and at best duplicative. (*Id.* at 4-6 (*citing Companonio v. O'Brien*, 672 F.3d 101 (1st Cir. 2012) and *Teti v. Bender*, 507 F.3d 50 (1st Cir. 2007)). Second, she noted that review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits, and therefore petitioner could not supplement the state court record. (Dkt. No. 19 at 6 (*citing Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) and *Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011)). The

7

opinion demonstrates that the Magistrate Judge had cause to deny petitioner a hearing. The Court agrees that, for the reasons stated in that opinion, denial of an evidentiary hearing was appropriate.

Accordingly, upon *de novo* review, the Court will adopt the Magistrate Judge's Report and Recommendation and deny the petition for habeas corpus relief on the basis of ineffective assistance of counsel.

## IV. <u>Conclusion</u>

For the foregoing reasons, upon *de novo* review, petitioner's objections to the Report and Recommendation of the Magistrate Judge are overruled, and the Report and Recommendation is accepted by the Court pursuant to 28 U.S.C. § 636(b)(1). The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. This matter is accordingly DISMISSED.

**So Ordered.**

                                         /s/ F. Dennis Saylor
                                         F. Dennis Saylor IV
                                         United States District Judge

Dated: April 9, 2014